David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____

| | | |
|---|---|---|
| Michael Pugh, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Index No. _____ |
| - against - | ) | |
| | ) | |
| Iliya Meric, | ) | **Complaint** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____) | | |

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

## I.     Introduction

1.      This is an action for unpaid wages and overtime pay under the New York

Minimum Wage Act and New York Labor Law as well as the Fair Labor Standards Act.

## II.     Parties

2.      Plaintiff Michael Pugh ("Mr. Pugh") is a natural person residing in the State of

New York, County of Bronx.

3.      Defendant Iliya Meric (the "Employer") is the owner and operator of various

corporations which do business as "Bestall Moda."  The Employer operates clothing

stores in New York.

## III.     Venue and Jurisdiction

4.      Venue in the Southern District of New York is appropriate in that this action

arises out of Plaintiff's employment at the Employer's clothing store in Manhattan.

4a.      The Court has personal jurisdiction over the Employer in that this action arises from his activities in the State of New York, specifically operating a clothing store.

4b.      The Court has subject matter jurisdiction over this matter in that Plaintiff's claims arise from the Fair Labor Standards Act and the remaining claims form part of the same case or controversy.

**IV.     Background**

5.      At all times relevant to this complaint, the Employer operated a clothing store in New York.  Plaintiff was employed by the Employer for approximately 1 year until his employment ended in or about May of 2017.

6.      Plaintiff wages were to be $11 per hour plus a 4% sales commission.

7.      Plaintiff regularly worked in excess of 40 hours per week but was not paid overtime wages.  For example, the Employer's own scheduling records indicate that Plaintiff worked 47 hours during the week of August 11, 2017 but was not paid overtime premiums.  In reality, Plaintiff regularly worked in excess of his scheduled hours, but either way he was not paid overtime wages to which he was entitled.

8.      Further, Plaintiff was not paid his commissions and not given proper notice pursuant to the Wage Theft Prevention Act.

8a.      The Employer was the owner of the clothing store where Mr. Pugh was employed.  Further, it was the Employer who oversaw the business; who was responsible for setting Mr. Pugh's terms and conditions of employment; and who was responsible for Mr. Pugh's separation from employment.  Therefore, the Employer was an "employer" within the meaning of the Fair Labor Standards Act.

**V.      Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

8.       The allegations contained in the preceding paragraphs are incorporated as if

restated herein.

9.       Plaintiff was an employee of the Employer within the meaning of the New York

Minimum Wage Act and accompanying regulations.

10      The Employer was an employer within the meaning of those same regulations.

11.      The Employer violated the above law and regulations in that it did not pay proper

wages or overtime to Plaintiff and did not provide proper notice pursuant to the New

York Wage Theft Prevention Act.

<u>Count Two:  Violation of the Fair Labor Standards Act</u>

12.      The allegations contained in the preceding paragraphs are incorporated as if

restated herein.

13.      In the course of his job duties, Plaintiff regularly (at least a few times a week)

handled credit card transactions for customers.

14.      Processing such a credit card transaction necessarily entails sending information

by means of wire transmission.  Further, most or all such transmissions cross state lines.

For example, the largest credit card processing clearinghouse, that of Visa, is located in

Ashburn, Virginia.  Therefore, Mr. Pugh regularly in the course of his job duties sent

information by wire between New York and Virginia.

15.      Accordingly, Mr. Pugh was "in commerce" within the meaning of the Fair Labor

Standards Act.

16.      The Employer violated the Fair Labor Standards Act by failing to pay proper

overtime premiums to the Plaintiff.

WHEREFORE  Plaintiff demands judgment against the Employer in the amount of his

unpaid overtime and wages and together with liquidated damages, attorneys fees, and

costs, in a total amount not to exceed $30,000.00.

Respectfully submitted,

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax     212-897-5811

Dated: April 23, 2018
New York, New York