United States District Court
Southern District of New York

_____

Michael Pugh,

        Plaintiff,

   - against -

Iliya Meric,

        Defendant.

_____

No. 18cv3556(LGS)

## Joint Pretrial Order

**1.   Counsel**

Plaintiff:    David Abrams
305 Broadway Suite 601
New York, NY 10007
212-897-5821
dnabrams@gmail.com

Defendant:    Joshua D. Levin-Epstein
Levin-Epstein & Associates PC
1 Penn Plaza Suite 2527
New York, NY 10119
212-792-0046
joshua@levinepstein.com

**2.   Jurisdiction**

Plaintiff's position:    This matter is subject to federal question jurisdiction in that it is brought pursuant to the Fair Labor Standards Act ("FLSA") and its state law analogues.

Defendant's position:

**[continued on next page]**

**3.     Claims and Defenses**

Plaintiff's Claims:

A.     Fair Labor Standards Act (29 USC 201 et seq):     Plaintiff asserts that he regularly worked in excess of 40 hours per week but was not paid overtime premiums by his former employer.  Plaintiff asserts that the Defendant -- who was the owner and principle officer of the employer -- is an employer within the meaning of the Fair Labor Standards Act.

B.     New York Minimum Wage Act (12 N.Y.C.R.R. 141-1.1 et seq):  Plaintiff asserts parallel liability under the State Minimum Wage Act.

C.     New York Labor Law (New York Labor Law Section 191 et seq):  Plaintiff alleges that the Defendant failed to pay earned commissions.

D.     New York Wage Theft Prevention Act (New York Labor Law Section 195, 198): Plaintiff alleges that Defendant failed to provide proper notice under the Wage Theft Prevention Act of his terms of employment and weekly hours worked.

E.     Plaintiff has not asserted any claims that are not to be tried.

Defendants' Defenses:



**4.     Jury or Bench Trial**

   This matter is jury-waived.  Trial is anticipated to last 1 day.

**5.     Consent to Trial by Magistrate Judge**

   The parties have not consented to trial by magistrate judge.

**7.     Witnesses**

Plaintiff's Witnesses:

   Plaintiff intends to offer his own testimony as to (1) his days and hours of work; (2) his rate of pay; (3) notifications provided to him; (4) his processing of credit card transactions; and (5) the relationship among himself; the Defendant; and the corporate employer he worked for.

Defendant's witnesses:

**8.     Deposition Designations**

Plaintiff's Deposition Designations:

> Meric Deposition 7:25-8:17
> Meric Deposition 13:16-14:25
> Meric Deposition 17:8-17:19
> Meric Deposition 19:15-19:21

Defendant's Deposition Designations:

> The parties stipulate to the following:

a.     Plaintiff was employed by the Defendant and the Defendant is subject to coverage under applicable laws, i.e. the Fair Labor Standards Act; the New York Labor Law; the New York Minimum Wage Act; and the New York Wage Theft Prevention Act.

**9.     Exhibits & Discovery Materials**

> Plaintiff's Exhibits & Discovery Materials

1.     Defendant's Time Records (Pugh 0001-0002)

2.     Defendant Recommendation Letter for Pugh (Pugh 0004)

3.     Paystubs (Pugh 0005-0017)

4.     Plaintiff Request for Admission and Transmittal Letter

5.     Defendant Response to Request for Admission

6.     Email Correspondence Concerning Requests for Admission

> Defendant's Exhibits

> Defendant's Exhibits & Discovery Materials

**10.    In Limine Motions**

> None

3

**11.	Uncontested Facts**

1.	Plaintiff was employed by Shirtbrands Global LLC for approximately 1 year until his separation from employment in or about May of 2017.

2.	At all times relevant to this matter, Defendant Iliya Meric was the co-owner and managing director of Shirtbrands Global LLC.

**12.	Statement of Damages**

Plaintiff's Statement of Damages

1.	Overtime - Back wages:  At least approximately 50 hours, multiplied by an overtime rate of at least $15 per hour, gives a total of at least approximately $750.00

2.	Liquidated Damages:  An additional $750.00

3.	Wage Theft Prevention Act:  $5000 for failure to provide a wage notice and $5000 for failure to provide accurate pay stubs for a total of $10,000.

4.	Commissions:  4% times $10,000 per month over 12 months is approximately $4800.  Total commissions actually paid were less than approximately $500 so total commissions sought are approximately $4300.

5.	Liquidated damages on Commissions:  $4300.

6.	Prejudgment Interest:  9% for 2 years is 18% for a total of at least approximately $1550.

7.	Attorneys fees:  At least 20 hours at $400 per hour for a total of at least approximately $8,000.

Respectfully submitted,

*/s/ David Abrams*

_____

David Abrams
 Attorney for Plaintiff
Pugh
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821

Dated:	New York, NY
	May 7, 2009

4

                                        Respectfully submitted,

                                        _____

                                        Joshua Levin-Epstein, Esq.
                                        Levin-Epstein & Associates PC
                                        1 Penn Plaza Suite 2527
                                        New York, NY 10119
                                        212-792-0046

Dated:       New York, NY
               May 7, 2009