United States District Court
Southern District of New York

_____

                                                            )

Michael Pugh,                               )

                    Plaintiff,         )

                                          )      No. 18cv3556(LGS)

      - against -                   )

Iliya Meric,                                )

                    Defendant.       )

_____)

## Joint Pretrial Order

**1.      Counsel**

Plaintiff:             David Abrams
                       305 Broadway Suite 601
                       New York, NY 10007
                       212-897-5821
                       dnabrams@gmail.com

Defendant:        Joshua D. Levin-Epstein
                       Levin-Epstein & Associates PC
                       1 Penn Plaza Suite 2527
                       New York, NY 10119
                       212-792-0046
                       joshua@levinepstein.com

**2.      Jurisdiction**

Plaintiff's position:    This matter is subject to federal question jurisdiction in that it is brought pursuant to the Fair Labor Standards Act ("FLSA") and its state law analogues.

Defendant's position:   At bottom, this case does not belong in federal court because Plaintiff cannot satisfy the elements for an FLSA overtime claim because (i) Plaintiff does not use goods or participate in any meaningful way in "interstate commerce" and (ii) the business falls well below the "enterprise coverage" liability threshold.

**[continued on next page]**

**3.     Claims and Defenses**

Plaintiff's Claims:

A.     Fair Labor Standards Act (29 USC 201 et seq):   Plaintiff asserts that he regularly worked in excess of 40 hours per week but was not paid overtime premiums by his former employer.  Plaintiff asserts that the Defendant -- who was the owner and principle officer of the employer -- is an employer within the meaning of the Fair Labor Standards Act.

B.     New York Minimum Wage Act (12 N.Y.C.R.R. 141-1.1 et seq):  Plaintiff asserts parallel liability under the State Minimum Wage Act.

C.     New York Labor Law (New York Labor Law Section 191 et seq):  Plaintiff alleges that the Defendant failed to pay earned commissions.

D.     New York Wage Theft Prevention Act (New York Labor Law Section 195, 198): Plaintiff alleges that Defendant failed to provide proper notice under the Wage Theft Prevention Act of his terms of employment and weekly hours worked.

E.     Plaintiff has not asserted any claims that are not to be tried.

Defendants' Defenses:

Between April 2016 through and including May 2017, Defendant resided abroad full-time in Sweden. During this period, Mr. Meric did not have operational nor managerial control over the business. He neither hired nor fired any employees; he did not supervise employees' work schedule; he did not control employees' work schedule; he did not determine the rate of employees' payment; he did not determine the method of employees' payment; and he did not maintain any of employees' employment records. Thus, Plaintiff will not be able to prove that Defendant exercised sufficient operational control over employees such that he directly affected the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)

**4.     Jury or Bench Trial**

This matter is jury-waived.  Trial is anticipated to last 1 day.

**5.     Consent to Trial by Magistrate Judge**

The parties have not consented to trial by magistrate judge.

**7.     Witnesses**

Plaintiff's Witnesses:

Plaintiff intends to offer his own testimony as to (1) his days and hours of work; (2) his rate of pay; (3) notifications provided to him; (4) his processing of credit card transactions; and (5) the relationship among himself; the Defendant; and the corporate employer he worked for.

Defendant's witnesses:

Defendant intends to offer his own testimony to show that he never exercised operational authority nor managerial control over Plaintiff's employment.

**8.    Deposition Designations**

Plaintiff's Deposition Designations:

> Meric Deposition 7:25-8:17
> Meric Deposition 13:16-14:25
> Meric Deposition 17:8-17:19
> Meric Deposition 19:15-19:21

Defendant's Deposition Designations:

> Pugh Deposition: 27: 19-24
> Pugh Deposition: 28: 7-13
> Pugh Deposition: 28: 20-25
> Pugh Deposition: 29: 2-20
> Pugh Deposition: 29: 21-25 – 30:2-9
> Pugh Deposition: 37: 23-25 – 38:2-4
> Pugh Deposition: 37: 11-18
> Pugh Deposition: 37: 25 – 38:2-8
> Pugh Deposition: 40: 15
> Pugh Deposition: 57: 21-25 – 58:2-5
> Pugh Deposition: 65: 10-12
> Pugh Deposition: 67: 21-23
> Pugh Deposition: 72: 14-17
> Pugh Deposition: 73: 9-13
> Pugh Deposition: 77: 4-18
> Pugh Deposition: 78: 2-20
> Pugh Deposition: 80: 15-21
> Pugh Deposition: 83: 2-6
> Pugh Deposition: 85: 6, 14
> Pugh Deposition: 87: 8-22

The parties do not stipulate to any issues of law or fact.

**9.    Exhibits & Discovery Materials**

Plaintiff's Exhibits & Discovery Materials

1. Defendant's Time Records (Pugh 0001-0002)
2. Defendant Recommendation Letter for Pugh (Pugh 0004)
3. Paystubs (Pugh 0005-0017)
4. Plaintiff Request for Admission and Transmittal Letter
5. Defendant Response to Request for Admission
6. Email Correspondence Concerning Requests for Admission

Defendant's Exhibits

Defendant's Exhibits & Discovery Materials

1. Complaint
2. Offer of Employment (Defendant 003)
3. Time Sheets (Defendant 001 – 002)
4. Letter of Recommendation (Defendant 004)

**10.   In Limine Motions**

None

**11.   Uncontested Facts**

None.

**12.   Statement of Damages**

Plaintiff's Statement of Damages

1. Overtime - Back wages:  At least approximately 50 hours, multiplied by an overtime rate of at least $15 per hour, gives a total of at least approximately $750.00

    2.    Liquidated Damages:  An additional $750.00

    3.    Wage Theft Prevention Act:  $5000 for failure to provide a wage notice and $5000 for failure to provide accurate pay stubs for a total of $10,000.

    4.    Commissions:  4% times $10,000 per month over 12 months is approximately $4800.  Total commissions actually paid were less than approximately $500 so total commissions sought are approximately $4300.

    5.    Liquidated damages on Commissions:  $4300.

    6.    Prejudgment Interest:  9% for 2 years is 18% for a total of at least approximately $1550.

    7.    Attorneys fees:  At least 20 hours at $400 per hour for a total of at least approximately $8,000.

Respectfully submitted,

_____

David Abrams
  Attorney for Plaintiff Pugh
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821

Dated:    New York, NY
          May 7, 2009

Respectfully submitted,

*/s/ Joshua D. Levin-Epstein*_____

Joshua Levin-Epstein, Esq.
Levin-Epstein & Associates PC
1 Penn Plaza Suite 2527
New York, NY 10119
212-792-0046

Dated:    New York, NY
          May 7, 2009