**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Michael Pugh,                                                    Case No.: 1:18-cv-03556

                *Plaintiff*,

        *-against-*

Iliya Meric,

                *Defendant*.
-------------------------------------------------------------X


## DEFENDANT'S POST-TRIAL MEMORANDUM OF LAW


LEVIN-EPSTEIN & ASSOCIATES, P.C.
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
1 Penn Plaza, Suite 2527
New York, NY 10119
Telephone: (212) 792-0046


Dated: June 13, 2019                         *Attorneys for Defendant*
      New York, New York

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ........................................................................................................................ 3

    I.    By Its Own Terms, NYLL § 198(1)(1-b) Does Not Mandate the Imposition of
        Damages for the Failure to Furnish a Notice Under the NYLL § 195(1)(a) .................... 3

        A.  The General Principles of Parallel Statutory Construction Show that NYLL
            § 198(1)(1-b) is Permissive When Compared to NYLL § 198(1)(1-d) ........................ 4

        B.  The Word "May" in NYLL § 198 Should Be Accorded its Plain Meaning
            According to General Principles of Statutory Construction and the Public Policy ...... 5

    II.   In this District, Courts Have Not Construed Whether an Implicit Good-Faith Exception
        Exists to the Civil Penalties Contained NYLL § 198(3) for Violations Under
        NYLL § 195(3) ............................................................................................................. 7

    III.  Alternatively, this Court Has the Inherent Power to Issue a Sanctions Award
        Against Plaintiff ........................................................................................................... 8

CONCLUSION ..................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Black v. Nunwood, Inc.*,
    2015 WL 1958917 (S.D.N.Y. 2015) ............................................................................... 3

*Bradford v. Olympic Courier Sys., Inc.*,
    1997 WL 570720 (E.D.N.Y. 1997) .................................................................................. 9

*Castillo Marcelino et al v. 374 Food Inc. et al*,
    No.: 1:16-CV-06287 (S.D.N.Y. 2016) ............................................................................ 9

*Connecticut Nat'l Bank v. Germain*,
    503 U.S. 249 (1992) ......................................................................................................... 4

*Copper v. Cavalry Staffing, LLC*,
    132 F. Supp. 3d 460 (E.D.N.Y. 2015) ......................................................................... 2, 7

*Duncan v. Walker*,
    533 U.S. 167 (2001) ......................................................................................................... 4

*Garcia v. Tamir*,
    1999 WL 587902 (S.D.N.Y. 1999) .................................................................................. 9

*Gottlieb v. Kenneth D. Laub & Co., Inc.*,
    626 N.E.2d 29 (N.Y. 1993) .............................................................................................. 6

*Graham Ct. Owner's Corp. v. Taylor*,
    28 N.E.3d 527 (N.Y. 2015) .............................................................................................. 6

*Kane ex rel. U.S. v. Healthfirst, Inc.*,
    120 F. Supp. 3d 370 (S.D.N.Y. 2015) ............................................................................. 5

*Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Companies, Inc.*,
    2000 WL 640665 (S.D.N.Y. 2000) .................................................................................. 8

*Negrin v. Norwest Mortgage, Inc.*,
    263 A.D.2d 39 (2d. Dept. 1999) ...................................................................................... 5

*Pierre v. Hajar, Inc.*,
    2018 WL 2393158 (E.D.N.Y. 2018) ............................................................................... 7

*Remache v. Mac Hudson Group*,
  2018 WL 4573072 (E.D.N.Y. 2018)............................................................................. 8

*Scholtisek v. Eldre Corp.*,
  697 F. Supp. 2d 445 (W.D.N.Y. 2010) ................................................................... 5, 6

*Stissi v. Interstate Ocean Transport Co. of Philadelphia*,
  765 F.2d 370 (2d Cir. 1985)..................................................................................... 4

*Travelers Ins. Co. v. Carpenter*,
  313 F.3d 97 (2d Cir. 2002)........................................................................................ 6

*U.S. v. Kozeny*,
  541 F.3d 166 (2d Cir.2008)....................................................................................... 4

*United States v. Anderson*,
  15 F.3d 278 (2d Cir. 1994)........................................................................................ 4

*United States v. Dauray*,
  215 F.3d 257 (2d Cir.2000)........................................................................................ 5

*United States v. Nordic Village, Inc.*,
  503 U.S. 30 (1992)..................................................................................................... 4

*United States v. Pacheco*,
  225 F.3d 148 (2d Cir.2000)........................................................................................ 4

*United States v. WB/Stellar IP Owner LLC*,
  800 F. Supp. 2d 496 (S.D.N.Y. 2011)................................................................ 2, 5, 7

*United States v. Williams*,
  558 F.3d 166 (2d Cir.2009)........................................................................................ 4

**Statutes**

NYLL § 195(1)(a) ............................................................................................... 1, 3, 5

NYLL § 195(3) ........................................................................................................ 2, 7

NYLL § 198(1)(1-b) ......................................................................................... *passim*

NYLL § 198(1)(1-d) ......................................................................................... *passim*

**Legislative Authorities**

N.Y. Bill Jacket, 2010 S.B. 8380 ........................................................................................... 6

N.Y. Sponsors. Memo., 2009 S.B. 3357 .................................................................................. 6

N.Y. Sponsors. Memo., 2010 S.B. 8380 .................................................................................. 6

Defendant Ilya Meric ("Defendant"), by and through the undersigned counsel, respectfully submits this post-trial memorandum of law in support of the denial of this Court's provisional award in favor of the plaintiff Michael Pugh ("Plaintiff") of damages in the aggregate amount of $10,000 for recordkeeping violations, pursuant to New York Labor Law ("NYLL") § 198 (effective January 19, 2016)[1], and as grounds thereto respectfully states as follows:

**PRELIMINARY STATEMENT**

At the bench trial held on June 11, 2019, this Court denied, in their entirety, Plaintiff's claims for (1) unpaid sales commissions, (2) minimum wage payments for "off-the-clock" work, and (3) overtime wage payments for "off-the-clock" work.  This Court awarded Plaintiff only $92.50 for unpaid premium overtime payments which, after this Court's award of liquidated damages at 100%, aggregated $185.00.  The Court provisionally awarded Plaintiff $10,000.00 for recordkeeping violations arising under NYLL § 198(1)(1-b) and NYLL § 198(1)(1-d) subject to the Court's final ruling, to which the parties were allowed to submit position statements on the controlling statutes by June 13, 2019.

As the Court recognized at the conclusion of the trial, this is an exceptional case where the damages award pursuant to NYLL § 198(1)(1-b) and NYLL § 198(1)(1-d) is deserving of maximum scrutiny.  As set forth more fully below, the Court has the discretion **not** to award damages under both NYLL § 198(1)(1-b) and NYLL § 198(1)(1-d).

First, the Court is **not** statutorily constrained to award damages for a violation of the recordkeeping requirement for a "notice" violation under NYLL § 195(1)(a) because  NYLL § 198(1)(1-b), which controls the remedy for a violation of NYLL § 195 (effective December 29, 2014), by its very terms, does not mandate the imposition of damages.  NYLL § 198(1)(1-b)'s

---

[1] In the case at bar, the applicable version the NYLL § 198 is the statute effective as of January 19, 2016 because Plaintiff was hired in April of 2016.

1

usage of the word "*may*" – rather than "*shall*",  as found elsewhere in NYLL § 198(1)(1-d) – permits this Court **not** to award damages as matter of generally accepted statutory construction[2].

Second, the issue of whether or not the NYLL § 195(3) contains an implicit good-faith exception that would exempt an employer from civil penalties when there are inaccuracies in wage statements despite the employer's good-faith efforts to properly account for an employee's overtime hours is a matter of first impression in this District.[3] The instant case represents the rare, exceptional case where the implicit good-faith exception warrants an exemption from the technical provisos of NYLL § 195(3).

Third, this Court has the inherent power to issue sanctions to effectively neutralize the imposition of an award under NYLL § 198. This is the exceptional case where sanctions are warranted against Plaintiff. He has the ignoble distinction of prosecuting *two cases* simultaneously against a small business owner that were for the most part contrived.   Over one year before the initiation of this lawsuit, Plaintiff had commenced a nearly identical wage-and-hour action in the New York State Supreme Court[4] that included the same disingenuous claims. He had knowledge that Defendant maintained payroll records, time records, and other employment records, based on the discovery produced in the State Court Action. Yet, Plaintiff urged on this Court an incredible case of "off-the-clock" work and commissioned-based work. His testimony was not credited at the trial; his procedural gamesmanship multiplied court proceedings; and his demand for $30,000.00

---

[2] "With respect to particular statutory language, **"[t]he word 'shall' is ordinarily the language of command" while the word 'may' customarily connotes discretion**. This construction is particularly important where the two words are used in close proximity to one another." *United States v. WB/Stellar IP Owner LLC*, 800 F. Supp. 2d 496, 509 (S.D.N.Y. 2011), *aff'd sub nom. United States v. Glenn Gardens Assocs., L.P.,* 534 F. App'x 17 (2d Cir. 2013) (citations omitted) (emphasis added).

[3] *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 468–69 (E.D.N.Y. 2015)

[4] *Michael Pugh v. Bestall Moda, LLC a/k/a Bestall*, No: 27036/2017E (N.Y. Sup. Ct. 2017) (the "State Court Action").

made the case impossible to settle at the Court-ordered mediation.[5]   Respectfully, enough is enough.

Accordingly, this Court should respectfully modify its provisional award of $10,000.00 for recordkeeping violations under NYLL § 195 and deny the imposition of damages under NYLL § 198; or in the alternative, sanction Plaintiff under the Court's inherent power for damages arising out of Defendant's incurrence of attorneys' fees and costs.

## ARGUMENT

I.   **By Its Own Terms, NYLL § 198(1)(1-b) Does Not Mandate the Imposition of Damages for the Failure to Furnish a Notice Under the NYLL § 195(1)(a)**

The starting point for interpreting the New York Labor Law is the text of the statute. NYLL § 198(1) consists of four subsections: 1, 1–a, 1–b, and 1-d. [6] *Black v. Nunwood, Inc.*, 2015 WL 1958917, at *3 (S.D.N.Y. 2015).   NYLL § 198(1)(1-b) governs the imposition of damages arising out of a violation of NYLL § 195(1)(a) (effective December 29, 2014).   NYLL § 198(1)(1-b) provides as follows:

> "If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she ***may*** recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. ***The court may also award other relief***, including injunctive and declaratory relief, ***that the court in its discretion deems necessary or appropriate***."

NYLL § 198 (McKinney 2016) (effective January 19, 2016) (emphasis added).   Nowhere in NYLL § 198(1)(1-b) is the word "shall."   *See* NYLL § 198(1)(1-b); *compare* NYLL § 198(1)(1-d) (using the word "shall" for a violation of NYLL § 195[3]).   Rather, the word *may* is used twice in NYLL

---

[5] *See* Dckt. No. 97.

[6] There is no Subsection 1–c in the statute.

3

§ 198(1)(1-b). Thus, the issue evolves to the construal of the word *may* in two sentences in NYLL § 198(1)(1-b) under principles of statutory construction.

### A. The General Principles of Parallel Statutory Construction Show that NYLL § 198(1)(1-b) is Permissive When Compared to NYLL § 198(1)(1-d)

The application of a statute's terms to undisputed facts is a question of law to be resolved by the court. *Stissi v. Interstate Ocean Transport Co. of Philadelphia*, 765 F.2d 370, 374 (2d Cir. 1985). Where those terms are unambiguous, the "sole function of the courts is to enforce it according to its terms." *U.S. v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008) (quotation marks and citations omitted) *accord Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says.") "A departure from the plain text of a statute is warranted only in the rare case where the anomalous result rises to the level of a 'patent absurdity.'" *United States v. Williams*, 558 F.3d 166, 174 (2d Cir. 2009) (quoting *Hubbard v. United States*, 514 U.S. 695, 703 [1995]).

Courts must "'look to the provisions of the whole law, and to its object and policy'" rather than to a provision "'in isolation from the context of the whole Act.'" *United States v. Pacheco*, 225 F.3d 148, 154 (2d Cir. 2000) (*quoting Richards v. United States*, 369 U.S. 1, 11 [1962]). Furthermore, courts should read statutes so as "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) *accord United States v. Nordic Village, Inc.,* 503 U.S. 30, 36 (1992) (holding that "a statute must, if possible, be construed in such fashion that every word has some operative effect"). Accordingly, a court should "avoid statutory interpretations that render provisions superfluous." *United States v. Anderson*, 15 F.3d 278, 283 (2d Cir. 1994). With respect to particular statutory language, "***the word 'shall' is ordinarily the language of command while the word 'may' customarily connotes discretion***. This construction

4

is particularly important where the two words are used in close proximity to one another." *WB/Stellar IP Owner LLC*, 800 F. Supp. 2d 496 (citations omitted) (emphasis added). *See also Negrin v. Norwest Mortgage, Inc.*, 263 A.D.2d 39 (2d. Dept. 1999) (ruling that "words and phrases in a statute are to be given their ordinary meaning" and finding that the statutory phrase "'shall not charge' can only reasonably be read to prohibit any delivery fee") (citations omitted).

When viewed side-by-side, the subsections of the implementing statute (NYLL § 198) for damages arising under violation of NYLL § 195 shows that NYLL § 198, by its terms, contains mandatory language in certain provisions and permissive language in other subsections.  NYLL § 195(1)(a) governs the requirement for a "notice" at the time of hire. A violation of NYLL § 195(1)(a) is governed by NYLL § 198(1)(1-b).  Nowhere in NYLL § 198(1)(1-b) is there any mandatory language.

As a matter of parallel statutory construction, NYLL § 198(1)(1-d), contains mandatory language (*i.e.*, "shall") for violations arising under "subdivision three of section one hundred ninety-five." Of critical importance, NYLL § 198(1)(1-d) is **not** the implementing statute for violations arising under NYLL § 195(1)(a).  Thus, as a matter of parallel statutory construction, NYLL § 198(1)(1-b) is comparatively permissive, and this Court should exercise its discretion in denying the imposition of damages for a violation of NYLL § 195(1)(a).

**B. The Word "May" in NYLL § 198 Should Be Accorded its Plain Meaning According to General Principles of Statutory Construction and the Public Policy**

It is a well settled principle that courts must give effect to a statute's "plain meaning." *Kane ex rel. U.S. v. Healthfirst, Inc.*, 120 F. Supp. 3d 370, 384 (S.D.N.Y. 2015) (*citing United States v. Dauray*, 215 F.3d 257, 260 [2d Cir.2000]). The NYLL's implementing regulations setting forth the overtime requirements are considered remedial legislation. *Scholtisek v. Eldre Corp.*, 697 F. Supp. 2d 445, 467 (W.D.N.Y. 2010) (citations omitted). It is a basic canon of statutory construction

that judicial expansion of a remedial statute is to be "fairly expressed [to the] provisions of the act" *Graham Ct. Owner's Corp. v. Taylor*, 28 N.E.3d 527, 532 (N.Y. 2015) (citing *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 626 N.E.2d 29, 33 [N.Y. 1993]) (applying principles of statutory construction to NYLL § 198). "When faced with the application of a remedial statute, [courts] must give it liberal construction to carry out the reform intended and to spread its beneficial results as widely as possible." *Scholtisek v. Eldre Corp.*, 697 F. Supp. 2d 445, 467 (W.D.N.Y. 2010) (citations omitted); *see also Travelers Ins. Co. v. Carpenter*, 313 F.3d 97, 106 (2d Cir. 2002), *certified question answered*, 411 F.3d 323 (2d Cir. 2005).  Thus, the issue evolves to the consideration of the legislative purpose of NYLL § 198(1)(1-b).

As evidenced by the Statement in Support set forth in the Sponsor's Memorandum of the New York State Assembly Bill proposing the Wage Theft Prevention Act (codified in NYLL § 195), the undergirding legislative policy is to, "ensure that employees understand a critical feature of the employment relationship with their employers…". N.Y. Sponsors. Memo., 2009 S.B. 3357 233nd Leg., 2009 Reg. Sess. (April 7, 2009). Promoting knowledge, understanding, and transparency of wages at the time of hire has been the primary goal throughout the legislative history of NYLL § 198(1)(1-b). The statute was not enacted to penalize scrupulous employers acting in good-faith when communicating knowledge of pay structure at the time of hire. *See* N.Y. Sponsors. Memo., 2010 S.B. 8380 233nd Leg., 2009 Reg. Sess. (Oct. 28, 2010); N.Y. Bill Jacket, 2010 S.B. 8380 233nd Legs., 2010 Reg. Sess. (June 27, 2010) ("The WTPA ensures that all the dirty tricks of ***the worst violators*** are outlawed…") (emphasis added).

Where, as here, an employee had a complete understanding of his wages at the time of hire as evidenced by (1) an admitted signing of a document that included information about compensation, (2) an admitted knowledge of information about minimum wage and overtime

6

requirement by means of a poster at the place of employment, (3) paystubs from ADP, and (4) an admitted verbal communication of the terms of employment at the time of hire, it is respectfully submitted that the legislative policy concerns of NYLL § 198(1)(1-b) are not triggered.

Accordingly, this Court should respectfully interpret the word "may" in NYLL § 198(1)(1-b) as expressing possibility in accordance with its plain meaning under general principles of statutory construction. *WB/Stellar IP Owner LLC*, 800 F. Supp. 2d 496.

## II. In this District, Courts Have Not Construed Whether an Implicit Good-Faith Exception Exists to the Civil Penalties Contained NYLL § 198(3) for Violations Under NYLL § 195(3)

The issue of whether or not the NYLL § 195(3) contains an implicit good-faith exception that would exempt an employer from civil penalties when there are inaccuracies in wage statements despite the employer's good-faith efforts to properly account for an employee's overtime hours is a matter of first impression in this District. *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 468–69 (stating this proposition); *see also Pierre v. Hajar, Inc*., 2018 WL 2393158, at *6, fn. 5 (E.D.N.Y. 2018) (explaining that "[w]hether the statute includes an implicit good-faith exception for inaccuracies that could exempt an employer from damages is an open question that the Court need not decide at this juncture.")  The Court in *Copper v. Cavalry Staffing, LLC* noted that:

> "the Court need not decide today whether § 195(3) contains an implicit good-faith exception that would exempt an employer from civil penalties when there are inaccuracies in wage statements despite the employer's good-faith efforts to properly account for an employee's overtime hours."

132 F. Supp. 3d 460. As set forth above, at least two courts in this Circuit have contemplated the possibility that a good-faith exception is inherent in NYLL § 195(3) where the employer had substantially complied with the requirement of NYLL § 195(3); *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460; *Pierre v. Hajar, Inc*., 2018 WL 2393158; *contra. Remache v.*

*Mac Hudson Group*, 2018 WL 4573072, at *17 (E.D.N.Y. 2018), *report and recommendation adopted*, 2018 WL 4568860 (E.D.N.Y. 2018) (collecting cases supporting the proposition that wage statement must be accurate to satisfy the requirements of NYLL § 195(3) without analyzing whether the statute contains an inherent good-faith exception). Where, as here, Defendant has substantially complied with the requirements of NYLL § 195(3), the Court should respectfully find that the good-faith exception excepts Defendant from strict liability under the statute.

### III.   Alternatively, this Court Has the Inherent Power to Issue a Sanctions Award Against Plaintiff

"Federal courts have 'well-acknowledged inherent power to levy sanctions in response to abusive litigation practices.'" *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Companies, Inc.*, 2000 WL 640665, at *1 (S.D.N.Y. 2000) (*quoting DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 135 (2d Cir. 1998]).

This is an exceptional case where sanctions are warranted. Over one (1) year before the initiation of this lawsuit, Plaintiff had commenced a nearly identical wage-and-hour action in the New York State Supreme Court[7] with the only difference of consequence that the individual owner, Defendant in this action, was not a named defendant. All of the material matters in this action and the State Court Action are identical: the plaintiffs are the same; the causes of action are virtually the same; the underlying facts are the same; the same document discovery was produced; and the relief requested is virtually the same. [*See* Dckt. No 47; *Compare* Epstein Decl. ¶ 3 Ex. [A] (the "Federal Complaint") and Epstein Decl. ¶ 4 [Ex. B] (the "State Complaint"). In the State Court Action, the defendant submitted the same exact payroll records and time sheets produced in this action. [Dckt. No. 47; (Epstein Decl, at ¶¶ 6-7)]. Thus, Plaintiff engaged in procedural

---

[7] *Michael Pugh v. Bestall Moda, LLC a/k/a Bestall*, No: 27036/2017E (N.Y. Sup. Ct. 2017).

gamesmanship and unnecessarily multiplied the proceedings against Plaintiff and, most critically, should have known better based on the documents produced in the earlier proceeding.

Indeed, courts in this Circuit have sanctioned attorneys for such procedural gamesmanship in the context of wage-and-hour cases. *Garcia v. Tamir*, 1999 WL 587902 (S.D.N.Y. 1999) (sanctioning plaintiff for filing duplicitous and vexatious wage-and-hour lawsuits); *Bradford v. Olympic Courier Sys., Inc.,* 1997 WL 570720, at 3 (E.D.N.Y. 1997) (counsel's "multiplication of proceedings qualifies as bad faith justifying the assessment of costs, expenses and attorney's fees").

While the Honorable Judge Schofield denied Defendant's Motion to Dismiss [*See* Dckt. No. 77], the true extent of Plaintiff's gamesmanship was not revealed until the trial in this matter on June 11, 2019.  At the trial, Your Honor concluded that Plaintiff's testimony was evasive and, ultimately, not credible.  Where, as here, a plaintiff has provided incredible testimony, courts in this District have provisionally withheld awards for, *inter alia*, recordkeeping violations. *See Castillo Marcelino et al v. 374 Food Inc. et al*, No.: 1:16-CV-06287 (S.D.N.Y. 2016).  In *Castillo*, the Honorable Judge Katherine Failla provisionally withheld a damages award for recordkeeping violations because of the plaintiff's perjured testimony concerning his length of employment.  *See id* at Dckt No. 64.  Even though this Court only discredited Plaintiff's testimony and did not find that Plaintiff committed perjury, the circumstances of this case, when taken together, warrant the imposition of sanctions nonetheless.

This Court should also respectfully be aware that Plaintiff had knowledge of Defendant's dire financial circumstances that exacerbate this situation. *See* Dckt No. 11 (the undersigned counsel explaining that "In the State court Action, this office is solely representing the corporate defendant on a virtually pro bono basis. Plaintiff's counsel has been advised of this."); *see also*

Dckt No. 36 (the undersigned counsel explaining that "Defendant is facing dire financial difficulties…"; Dckt No. 41 ¶ 10 (Mr. Meric stating that "Mr. Levin-Epstein kindly agreed to represent me in this action of very generous terms.").  Accordingly, it is respectfully submitted that the Court should sanction Plaintiff is an amount commensurate with the legal fees Defendant incurred in this action and Defendant's costs.

## CONCLUSION

For the foregoing reasons Defendant respectfully requests that this Court respectfully modify its provisional award of $10,000.00 for recordkeeping violations under NYLL § 195 and deny the imposition of damages under NYLL § 198; or in the alternative, sanction Plaintiff under the Court's inherent power for damages arising out of Defendant's incurrence of attorneys' fees and costs.

Dated: June 13, 2019
     New York, New York

By:    /s/ *Joshua Levin-Epstein*
        Joshua Levin-Epstein, Esq.
        1 Penn Plaza, Suite 2527
        New York, New York 10119
        Telephone: (212) 792-0046
        Email: Joshua@levinepstein.com

        Jason Mizrahi, Esq.
        1 Penn Plaza, Suite 2527
        New York, New York 10119
        Telephone: (212) 792-0048
        Email: Jason@levinepstein.com

        *Attorneys for Defendant*

Cc:    All parties via ECF