```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                      :
MICHAEL PUGH,                         :
                        Plaintiff,    :
                                      :      18cv3556 (DLC)
            -against-                 :
                                      :      MEMORANDUM
ILIYA MERIC,                          :      OPINION AND ORDER
                        Defendant.    :
-------------------------------------X
```

DENISE L. COTE, District Judge:

Plaintiff Michael Pugh ("Pugh") was employed for approximately one year -- from April 2016 to May 2017 -- by defendant Iliya Meric ("Meric") as a salesperson at a clothing store. On April 23, 2018, Pugh filed this lawsuit, alleging that Meric failed to pay him overtime premiums in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and failed to pay wages to which Pugh was entitled and to provide legally required notices under the NYLL. Pugh's wage and overtime violation claims primarily centered on allegations that he had been deprived of compensation owed to him under a putative oral sales commission agreement and that he had not been paid for time spent working on the store's Facebook page and networking off-site in the Chelsea neighborhood in which the store was located.

A bench trial was held on June 11, 2019. Meric's records, introduced at trial, showed that Pugh worked a total of 18 hours of overtime in the store over the course of his employment, for which he received his regular rate of pay but no overtime premium.[1] The trial evidence also included Pugh's hire letter and pay stubs, and a photograph. Neither the hire letter nor the pay stubs contained information regarding Pugh's entitlement to overtime pay nor of his overtime pay rate. The photograph showed federal and state employee rights notices posted on the store's bathroom wall, including a notice of New York's minimum wage and overtime rate.

At the conclusion of trial, the Court found Meric individually liable for (1) failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), (2) liquidated damages under FLSA, 29 U.S.C. § 216(c), (3) failure to provide, at the time of hire, a notice of the employer's telephone number, main office address and overtime wage rate, in violation of the Wage Theft Prevention Act ("WTPA"), NYLL § 195(1)(a), and (4) failure to provide wage statements setting forth the overtime rate of pay and the number of overtime hours worked, in violation of the WTPA, § 195(3).

---

[1] Meric's business had employed ADP to calculate its employees' compensation, to prepare pay stubs, and to pay appropriate taxes. Employees "punched a clock" to record their time on the premises.

2

The Court found that Meric was not liable for unpaid sales commissions nor for wages for time Pugh claims he spent working on the store's Facebook page and networking on behalf of his employer outside the store.

At the conclusion of the trial, the Court invited post-trial briefing on damages for the WTPA violations. On June 13, Meric submitted a post-trial memoranda arguing that Pugh should not be awarded statutory damages for Meric's violation of NYLL §§ 195(1)(a), 195(3). Pugh submitted a responsive letter the same day.

NYLL § 198 sets forth remedies for violations of New York Labor Law. Section 198(1-b) provides:

> If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she <u>may</u> recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

NYLL § 198 (1-b) (emphasis supplied). Section 198(1-d) provides:

> If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she <u>shall</u> recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs

3

>and reasonable attorney's fees. The court may also
>award other relief, including injunctive and
>declaratory relief, that the court in its discretion
>deems necessary or appropriate.

NYLL § 198(1-d) (emphasis supplied).

A court may exercise discretion in awarding damages for failure to comply with the notice requirements of NYLL § 195(1)(a). The use of the word "may" in NYLL § 198(1-b) indicates that recovery of damages under this sub-section is not automatic, particularly in light of the contrasting use of "shall" in Section 198(1-d).

The exercise of discretion is warranted in this case. Meric retained counsel to prepare the hire letter. While the attorney-prepared letter failed to provide Pugh with notice of the employer's telephone number, main office address, and overtime wage rate, the prejudice that this caused Pugh was non-existent or minimal. Pugh did not argue that he was prejudiced by the letter's failure to advise him properly of his right to receive overtime pay. Pugh also had notice of his employment rights under New York and federal law -- including entitlement to and rate of overtime pay -- through the posters in the store bathroom. Pugh worked each day from the employer's main office address and testified that he was in regular communication via a group messaging application with Meric and Pugh's other

4

supervisor.  Accordingly, this Court declines to award Pugh damages for Meric's violation of NYLL § 195(1)(a).

Pugh is, however, entitled to mandatory damages under NYLL § 198(1-d).  The language of NYLL § 198(1-d) makes plain that the penalty for failure to provide wage statements as required under NYLL § 195(3) is non-discretionary.  The pay stubs presented at trial indicate that over the course of his roughly one year of employment, Pugh never received a statement of payment that included "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked," as required under the statute.  N.Y. Lab. Law § 195(3).  As such, Pugh is entitled to $5,000 in damages under NYLL § 198(1-d).

Meric's argument that the Court should read an implicit good-faith exception into NYLL § 195(3) is unavailing and runs counter to the clear text of the statute.  Meric also argues in the alternative that the Court should use its inherent power to issue a sanctions award to, in essence, offset this mandatory $5,000 statutory damages award.  Despite the fact that Pugh's testimony regarding the existence of oral agreements entitling him to a commission on the store's sales, and to be compensated for promoting the store's brand while socializing after hours and for his work on the store's Facebook page was at best not credible and at worst false, the Court declines to exercise its

5

inherent authority to issue sanctions to offset Pugh's statutory damages.

## Conclusion

For the reasons set forth above and at the June 11 trial, Pugh is awarded (1) $92.50 in overtime compensation (comprising $65.00 in compensation for 13 hours worked at a rate of $10.00 per hour and $27.50 in compensation for 5 hours worked at a rate of $11.00 per hour), pursuant to 29 U.S.C. § 216(b); (2) $92.50 in liquidated damages, pursuant to 29 U.S.C. § 216(b); (3) $5,000 in damages for WPTA wage statement violations, pursuant to NYLL § 198(1-d); (4) and $23.35 in prejudgment interest on his $92.50 in overtime compensation (calculated at a 9% interest rate beginning on September 1, 2016), pursuant to N.Y. C.P.L.R. §§ 5001, 5004 and NYLL § 198 (1-a).

Dated:   June 20, 2019
         New York, New York

                                    _____
                                            DENISE COTE
                                    United States District Judge