**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Michael Pugh, Case No.: 1:18-cv-03556

*Plaintiff*,

*-against-*

Iliya Meric,

*Defendant*.

---------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

LEVIN-EPSTEIN & ASSOCIATES, P.C.
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
1 Penn Plaza, Suite 2527
New York, NY 10119
Telephone: (212) 792-0046

*Attorneys for Defendant*

Dated: July 19, 2019
New York, New York

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ II

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

I. Plaintiff's Counsel's Hours are Unreasonable Given the Lack Success Achieved on the Complaint ........ 3

A. Plaintiff's Counsel is Not Entitled to Fees on Unsuccessful Claims ........ 4

B. Plaintiff's Counsel is Not Entitled to Fees on Unsuccessful Motions Such as His Motion for Default ........ 5

II. Plaintiff's Counsel's Requested Hourly Rate is Unreasonable ........ 5

III. Plaintiff Failed to Submit Contemporaneous Billing Records ........ 8

A. Plaintiff Should not be Awarded Fees for Vague Entries ........ 9

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Cases**

*Aiello v. Town of Brookhaven*,
2005 WL 1397202 (E.D.N.Y. 2005)........ 5

*Algie v. RCA Global Communications, Inc.*,
891 F. Supp. 875 (S.D.N.Y.1994) ........ 7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
522 F.3d 182 (2d Cir. 2008)........ 1

*Ayres v. 127 Rest. Corp.*,
201 F.3d 430 (2d Cir. 1999)........ 5

*Barfield v. N.Y.C. Health and Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008)........ 1

*Bond v. Welpak Corp.*,
2017 WL 4325819 (E.D.N.Y. 2017)........ 9

*Chambless v. Masters, Mates & Pilots Pension Plan*,
885 F.2d 1053 (2d Cir.1989)........ 7

*Custodio v. Am. Chain Link & Constr., Inc.*,
2014 WL 116147 (S.D.N.Y. 2014)........ 7

*De Los Santos v. Just Wood Furniture, Inc.*,
2010 WL 445886 (S.D.N.Y. 2010)........ 5

*Farrar v. Hobby*,
506 U.S. 103 (1992)........ 3

*Gierlinger v. Gleason*,
160 F.3d 858 (2d Cir. 1998)........ 6

*Handschu v. Police Dept. of NYC*,
679 F. Supp. 2d, 488 (S.D.N.Y. 2010)........ 8, 9

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)........ 2, 3, 8

*Hine v. Mineta*,
253 F. Supp.2d 464 (E.D.N.Y. 2003) ........ 3, 5

*Kassim v. City of Schenectady*,
415 F.3d 246 (2d Cir. 2005)........ 3

*Kirsch v. Fleet Street, Ltd.*,
1996 WL 695687 (S.D.N.Y. 1996)........ 4

*LeBlanc-Sternberg v. Fletcher*,
143 F.3d 748 (2d Cir. 1998)........ 6

*Matteo v. Kohl's Dep't Stores, Inc.*,
2012 WL 5177491 (S.D.N.Y. 2012)........ 3, 9

*Meriwether v. Coughlin*,
727 F. Supp. 823 (S.D.N.Y. 1989) ........ 9

*Moon v. Kwon*,
2002 WL 31512816 (S.D.N.Y. 2002)........ 6

*Mr. X v. New York State Dep't of Educ.*,
20 F. Supp. 2d 561 (S.D.N.Y. 1998)........ 9

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
711 F.2d 1136 (2d Cir. 1983)........ 2, 3, 8

*Pascuiti v. New York Yankees*
108 F. Supp.2d 258 (S.D.N.Y.2000)........ 7

*Quarantino v. Tiffany & Co.*,
166 F.3d 422 (2d Cir. 1999)........ 4

*Sayigh v. Pier 59 Studios, L.P.*,
2015 WL 997692 (S.D.N.Y. 2015)........ 5

*Scott v. City of New York*,
626 F.3d 130 (2d Cir. 2010)........ 9

*Separ v. Nassau County Dept. of Social Servs.*,
327 F. Supp.2d 187 (E.D.N.Y. 2004) ........ 3

*Sutton v. City of Yonkers*,
2017 WL 1180918 (S.D.N.Y. 2017)........................................................................ 5

*Trinidad v. Pret a Manger (USA) Ltd.*,
2014 WL 4670870 (S.D.N.Y. 2014)........................................................................ 6

*White v. Western Beef Props.*,
2014 U.S. Dist. LEXIS 155868 (E.D.N.Y. 2014)................................................ 5

Defendant Ilya Meric ("Defendant"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in opposition to Plaintiff Michael Pugh's ("Plaintiff") motion for attorneys' fees and costs [Dckt. No. 108] ("Plaintiff's Motion"), and as grounds thereto respectfully states as follows:

**PRELIMINARY STATEMENT**

As a threshold matter, the Affirmation of David Abrams in Support of Plaintiff's Motion [Dckt. No. 109] asserts two separate and independent statutory bases in support of his request for attorneys' fees, New York Labor Law § 198 and 29 U.S.C. § 216. [*See* Dckt. No. 109 at ¶ 1]. This is procedurally improper. At the June 11, 2019 bench trial in the instant matter, Plaintiff voluntarily abandoned his claims for relief under the NYLL and proceeded under the FLSA only. Thus, Plaintiff cannot utilize the NYLL as an independent statutory ground for the request for attorneys' fees.

As to Plaintiff's claim for attorneys' fees under the FLSA, plaintiffs who prevail on overtime and wage claims are only entitled to recover attorneys' fees if those fees are reasonable. *See* 29 U.S.C. § 216(b). *First*, the lawyers' hourly rate must represent what "a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). *Second*, billable hours are calculated based on the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id. Finally*, "the most critical factor" in determining the award "is the degree of success obtained" as measured by the allegations and damages set forth in the complaint. *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008).

Regardless of the legal standard travelled, this the exceptional case where Plaintiff is not entitled to any award of attorneys' fees because it would be wholly unreasonable. He lost the case

– and lost the case badly. Remarkably, Plaintiff is seeking an amount of $6,970.00 in attorneys' fees in a case where Plaintiff recovered the paltry amount of $185.00 for unpaid overtime compensation, unpaid sales commissions and liquidated damages, pursuant to 29 U.S.C. § 216(b), on account of claims that Plaintiff had valued at $20,700.00 [*See* Dckt. No. 30 at ¶ 14] in his Motion for Default Judgment [Dckt. No. 29] (the "Motion for Default"). By any measure, then, the request for attorneys' fees is inherently unreasonable.

In a tacit acknowledgment that Plaintiff case was ultimately unsuccessful, Plaintiff's Motion inexplicably seeks attorneys' fees for only certain components of this case. In so doing, Plaintiff urges on this Court a self-serving, contrived legal standard for the award of attorneys' that has no basis in law. Plaintiff's failure to include a copy of the engagement agreement, failure to include any actual invoices, failure to include any actual receipts for expenses incurred, and failure to include a full and accurate itemized list of all hours spent on this case, renders the instant application procedurally defective.

Accordingly, Plaintiff's Motion for attorney's fees should be denied, in its entirety.

**LEGAL STANDARD**

The burden is on Plaintiffs to justify the attorneys' fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (holding "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended with detailed time records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). "Courts look unfavorably on block billing and vagueness in billing because imprecise entries limit [the court's] ability to decipher whether the time expended has been reasonable."

*Matteo v. Kohl's Dep't Stores, Inc.*, 2012 WL 5177491, at *4 (S.D.N.Y. 2012), *aff'd*, 533 F. App'x 1 (2d Cir. 2013).

While the "district court has discretion in determining the amount of a fee award," *Hensley*, 461 U.S. at 437, courts must be mindful that "attorney's fees are to be awarded 'with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees.'" *Carey*, 711 F.2d at 1139 (quoting *Beazer v. New York Cty. Transit Auth.*, 558 F.2d 97, 101 (2d Cir. 1997)). The district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

## **ARGUMENT**

### I. Plaintiff's Counsel's Hours are Unreasonable Given the Lack Success Achieved on the Complaint

The most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case "is the degree of success obtained" by Plaintiff. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *accord Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005). A district court's assessment of the "degree of success" achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims. *See Kassim*, 415 F.3d at 254. Both "the quantity and quality of relief obtained," as compared to what Plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved. *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir.1997). *See, e.g. Separ v. Nassau County Dept. of Social Servs*., 327 F. Supp.2d 187, 191 (E.D.N.Y. 2004) (reducing attorney's fees by sixty percent [60%] where plaintiff originally pled several causes of action but failed to submit any material evidence in support of them resulting in dismissal of those claims at the close of plaintiff's case); *see also Hine v. Mineta*, 253 F. Supp.2d 464, 467 (E.D.N.Y. 2003) (finding that a substantial downward departure from the lodestar amount was justified where the jury found against Plaintiff on two of the three causes of

action that proceeded to trial and all of the damages claims except lost benefits, and reducing the amount of attorney's fees by sixty percent [60%] accordingly).

In the instant case, Plaintiff utterly failed in its case-in-chief. In his Complaint, Plaintiff sought recovery of: (1) unpaid sales commissions; (2) minimum wage payments for "off-the-clock" work; (3) overtime wage payments for "off-the-clock" work; (4) overtime premiums for "on-the-clock" work; (5) "wage notice" violations; and (6) "wage statement" violations. [*See* Dckt. No. 1]. At the June 11, 2019 bench trial, this Court denied, in their entirety, four out of six of Plaintiff's claims. [*See* Dckt. No. 107 at p. 1]. Plaintiff failed in the monetization of the claims for (1) unpaid sales commissions; (2) minimum wage payments for "off-the-clock" work; (3) overtime wage payments for "off-the-clock" work; (4) overtime premiums for "on-the-clock" work; and (5) "wage notice" violations, which Plaintiff averred in his Motion for Default aggregated $15,300.00. [*See* Dckt. No. 30 at ¶¶ 13-15]. On Plaintiff's overtime claims, this Court awarded only the amount of $185[1]. Plaintiff is only entitled to recover fees for the hours on the claims on which they were successful, and courts must "exclude excessive, redundant or otherwise unnecessary hours, *as well as hours dedicated to severable unsuccessful claims*." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (emphasis added). Time spent unsuccessfully pursuing claims is not compensable.

**A. Plaintiff's Counsel is Not Entitled to Fees on Unsuccessful Claims**

It is well settled that "no fee may be awarded for services on … unsuccessful claim[s]." *Kirsch v. Fleet Street, Ltd.*, 1996 WL 695687 at *4 (S.D.N.Y. 1996) *citing Hensley*, 461 U.S. at 424; *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *Ayres v. 127 Rest. Corp.*, 201 F.3d 430 (2d Cir. 1999) (excluding all time spent on unsuccessful claims and other work that was

[1] In Plaintiff's Statement of Damages filed on September 27, 2019, Plaintiff waived any recovery of prejudgment interest. [*See* Dckt. No. 35]. To the extent that Plaintiff seeks such relief now, it should not be awarded.

"redundant, excessive or not adequately documented"); *White v. Western Beef Props.*, 2014 U.S. Dist. LEXIS 155868 (E.D.N.Y. 2014); *Aiello v. Town of Brookhaven*, 2005 WL 1397202 at *4 (E.D.N.Y. 2005) (removing from the calculation of fees all hours worked during a specific period of time when the party focused its efforts on an eventually-unsuccessful claim). This is exactly the case here. The Court found against Plaintiff on four out of six of the claims that proceeded to trial. Accordingly, this Court should, at minimum, reduce the amount of Plaintiff's attorneys' fees by sixty six percent [66%] accordingly. *See Hine*, 253 F. Supp.2d at 467.

### B. Plaintiff's Counsel is Not Entitled to Fees on Unsuccessful Motions Such as His Motion for Default

In a tacit acknowledgment that Plaintiff's request for attorneys' fees is bold given the outcome of this case, Plaintiff limited his request, in part, to attorneys' fees for prosecution the Motion for Default. [*See* Dckt. No. 109]. This is inexplicable.

Plaintiffs are not entitled to fees for their unsuccessful motions. *See White*, 2014 U.S. Dist. LEXIS at 13-14 (plaintiffs not entitled to fees on unsuccessful Rule 23 motion); *Sutton v. City of Yonkers*, 2017 WL 1180918, at *5 (S.D.N.Y. 2017) (reducing fees by 35% for, *inter alia*, unsuccessful claims). *Sayigh v. Pier 59 Studios, L.P.*, 2015 WL 997692 (S.D.N.Y. 2015) (affirming arbitrator's 97% reduction on the basis that Plaintiff's "core allegations" were rejected); *De Los Santos v. Just Wood Furniture, Inc.*, 2010 WL 445886 (S.D.N.Y. 2010) (reducing the total fee award by 40% because *inter alia*, plaintiff was unsuccessful on her motion for summary judgment and motion to amend the judgment).

Accordingly, Plaintiff's request for attorneys' fees related to 3.4 hours spent in connection with the Motion for Default should be denied.

## II. Plaintiff's Counsel's Requested Hourly Rate is Unreasonable

In this case, Mr. Abrams seeks $420 an hour (or the equivalent of $756,000.00 a year for 1,800 billable hours). These fee requests are clearly excessive under well-established case law in this District.

In determining the amount of attorney fees to award, the Second Circuit uses the "lodestar" method, which involves determining the reasonable hourly rate for each participating attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the lodestar amount. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763-64 (2d Cir. 1998). The lodestar amount represents a presumptively reasonable fee award, but the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case. *See id*. at 764.

To determine the reasonable hourly rate for each attorney, the Court must look to the market rates currently "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). Since this case was brought in the Southern District of New York, the relevant community to which the Court should look is Manhattan. *See Moon v. Kwon*, 2002 WL 31512816, at *1-2, (S.D.N.Y. 2002) (considering rates for civil rights attorneys in a Fair Labor Standards Act case).

For partners in overtime and wage cases that succeed on their claims, courts in this district typically approve hourly rates from $300 to $400. *See Trinidad v. Pret a Manger (USA) Ltd.*, 2014 WL 4670870, at *9 (S.D.N.Y. 2014) (collecting cases). However, those rates are typically awarded for lawyers that are not solo practitioners.

Although courts in this district have awarded attorneys' fees based on rates as high as those requested by Plaintiff, such rates are usually reserved for attorneys in law firms that have associates

and higher overhead and costs. Courts in this Circuit have recognized that the size of the firm representing a plaintiff seeking attorney's fees is a factor in determining a reasonable attorney's fee, largely because of overhead costs. *See, e.g., Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir.1989) (noting that the size of an attorney's firm is relevant in determining the relevant community's "prevailing market rates" and that "smaller firms may be subject to their own prevailing market rate"), *cert. denied*, 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990); *Algie v. RCA Global Communications, Inc*., 891 F. Supp. 875, 895 (S.D.N.Y.1994) ("If the movant is represented by a small or medium-size firm, the appropriate rates are those typically charged by such firms, whereas a movant may obtain higher compensable rates if represented by a large urban firm, since such firms typically charge more per hour to cover a higher overhead."), *aff'd*, 60 F.3d 956 (2d Cir.1995).

Plaintiff's counsel is indisputably a solo practitioner. [*See* Dckt. No. 109 at ¶ 6]. For firms this small, courts in this district have found rates significantly lower than those requested by Plaintiff to be reasonable. See, *e.g.*, *Pascuiti v. New York Yankees*, 108 F. Supp.2d 258, 266 (S.D.N.Y.2000) (rejecting billing rate of $325 per hour for attorneys with almost 30 years' experience in federal litigation). Instead, the range of fees in this District for solo practitioners in FLSA cases caps at around $300 per hour. *Custodio v. Am. Chain Link & Constr., Inc*., 2014 WL 116147, at *6 (S.D.N.Y. 2014) ($300 hourly rate reasonable for solo practitioner with more than 10 years' experience in employment and labor law).

This case consisted of simple wage and hours claims. At no point did the case present complex or novel questions that could potentially command a higher rate. This Court should also respectfully take into consideration Mr. Abrams status as a solo practitioner. Accordingly, Mr. Abrams' requested hourly rate should be capped at $300.00 per hour.

## III. Plaintiff Failed to Submit Contemporaneous Billing Records

Plaintiff failed to include essential documents necessary for the consideration of the instant fee application. His failure to include a copy of the engagement agreement, failure to include any actual invoices, failure to include any actual receipts for expenses incurred, and failure to include a full and accurate itemized list of all hours spent on this case, fail to satisfy threshold pleading requirement for an FLSA fee application.

An application for attorney's fees *must* be supported by *"contemporaneous* time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done") *Carey*, 711 F.2d at 1147 (2d Cir. 1983). Such records may be presented in the form of computer-generated printouts, but those printouts "*must be accompanied by affidavits or other evidentiary material* showing that the printouts are based upon or derived from contemporaneous records which are accurately reflected in the printouts or summaries." *Handschu v. Police Dept. of NYC*, 679 F. Supp. 2d, 488, 505 n.10 (S.D.N.Y. 2010) (emphasis added). The Second Circuit specifically held that contemporaneous time records are a prerequisite to the application for attorneys' fees:

> "However unfair it would be to rule retroactively that plaintiffs' attorneys should have kept better records in the past, the difficulties raised by the lack of contemporaneous records in this case convince us of the need to announce for the future that contemporaneous time records are a *prerequisite* for attorney's fees in this Circuit."

*Carey*, 711 F.2d at 1147 (emphasis added) (*citing Hensley*, 461 U.S. 424, *supra* ). This has been the law of the land for over thirty (30) years and Mr. Abrams is not above this requirement. Mr. Abrams failed to meet it, and "[f]ailure to do so results in denial of the motion for fees." *See Bond v. Welpak Corp.*, 2017 WL 4325819, at *4 (E.D.N.Y. 2017) (citation omitted); *see also Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010) (*"Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases....such as where the records were consumed by

fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application.") (emphasis added).

Plaintiff did not provide the Court with contemporaneous billing records. He provided a computerized, spreadsheet summary of the alleged time spent on this matter from August 26, 2018 through June 11, 2019. Critically, Plaintiff failed to submit "affidavits or other evidentiary material showing" what the printouts are based upon or derived from. *Handschu* 679 F. Supp.2d at 505. Under such circumstances, Plaintiff's summarized (or reconstructed) time records should not be accepted by the Court.

**A. Plaintiff Should not be Awarded Fees for Vague Entries**

In the instant case, the determination of which hours that are compensable is impossible because Plaintiffs' counsel engaged in "block billing" as well as repeatedly vague entries that make it impossible to decipher how time was expended. It is well settled that "[c]ourts look unfavorably on block billing and vagueness in billing because imprecise entries limit [the court's] ability to decipher whether the time expended has been reasonable." *Matteo.*, 2012 WL 5177491, at *4; *Chambless v. Masters, Mates & Pilots Pension Plan, 1988 U.S. Dist. LEXIS 7486,* at *16 (S.D.N.Y., 1988) (noting that words like "Review", "Report", "Work on Interrogatories," and "Letter," are too vague to document the hours claimed, and reducing fee award by 15%); *Mr. X v. New York State Dep't of Educ.*, 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998) (20% reduction to account for vague, incomplete, and duplicative time entries); *Meriwether v. Coughlin*, 727 F. Supp. 823, 827 (S.D.N.Y. 1989) (15% reduction to account for vague billing entries).

Consider the entries submitted by Mr. Abrams for September 2, 2018, October 30, 2018, October 31, 2018, November 8, 2018, November 14, 2018, May 23, 2019, May 28, 2019 and June 11, 2019. Not only do these entries contain vague words like "review", but the entries commingle several activities making it difficult to evaluate the reasonableness of any of the listed activities or

how much time was spent on unnecessary work. For example, Plaintiff recorded 3.5 hours for time spent "prepar[ing] for and conduct[ing] trial." The majority of Mr. Abrams' direct examination of his client at trial was spent on issues related to jurisdictional issues related to interstate commerce. This was time wasted, considering Defendant was not contesting subject matter jurisdiction in this action. [*See* Dckt. No. 102]. As such, the Court should deduct Plaintiff's attorneys' fees for all vague and "block billed" or time entries.

**CONCLUSION**

This case was over-litigated from start to finish. A reasonable, well-informed client seeking to litigate this case in an efficient manner would have settled this case at Court-ordered mediation [*See* Dckt. Entry dated May 15, 2019]. But Plaintiff chose to prosecute claims that were ultimately unsuccessful. Such efforts should not be countenanced, let alone rewarded with a windfall in attorneys' fees.

Dated: July 19, 2019
New York, New York

By: */s/ Joshua Levin-Epstein*

Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0046
Email: Joshua@levinepstein.com

*Attorneys for Defendant*

Cc: All parties via ECF