```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
 MICHAEL PUGH,                       :
                        Plaintiff,   :
                                     :     18cv3556 (DLC)
            -against-                :
                                     :          OPINION
 ILIYA MERIC,                        :         AND ORDER
                        Defendant.:
-------------------------------------X
```

Appearances:

For the plaintiff:
David Abrams
305 Broadway, Suite 601
New York, NY 10007

For the defendant:
Joshua Levin-Epstein
Eunon Jason Mizrahi
Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10019

DENISE COTE, District Judge:

This case was brought by plaintiff Michael Pugh ("Pugh") against his employer defendant Iliya Meric ("Meric") for wage, overtime, and notice violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). At a bench trial, Pugh succeeded on some of his claims and was awarded a total of $5,208.35. Pugh now moves for attorney's fees and

costs in an amount of $7,370.00.  For the reasons that follow, he is awarded $1,200.00.

## Background

Pugh was employed for approximately one year -- from April 2016 to May 2017 -- by Meric as a salesperson at a clothing store.  On April 23, 2018, Pugh filed this lawsuit, alleging that Meric failed to pay him overtime premiums in violation of the FLSA and NYLL and failed to pay wages to which Pugh was entitled and to provide legally required notices under the NYLL.  The complaint sought unpaid overtime and wages, liquidated damages, attorney's fees, and costs "in a total amount not to exceed $30,000.00."  Pugh's statement of damages submitted in the parties' May 7, 2019 joint pretrial order estimated that Meric would be liable for $20,100 in damages exclusive of prejudgment interest, attorney's fees, and costs.  Pugh's wage and overtime violation claims primarily centered on allegations that he had been deprived of compensation owed to him under a putative oral sales commission agreement and that he had not been paid for time spent working on the store's Facebook page and networking off-site in the Chelsea neighborhood in which the store was located.

A bench trial was held on June 11, 2019, and lasted approximately 3.5 hours.  At the conclusion of trial, the Court

found Meric individually liable for (1) failure to pay overtime compensation totaling $92.50 in violation of the FLSA, 29 U.S.C. § 207(a)(1), (2) liquidated damages of $92.50 under the FLSA, 29 U.S.C. § 216(c), (3) failure to provide, at the time of hire, a notice of the employer's telephone number, main office address and overtime wage rate, in violation of the Wage Theft Prevention Act ("WTPA"), NYLL § 195(1)(a), and (4) failure to provide wage statements setting forth the overtime rate of pay and the number of overtime hours worked, in violation of the WTPA, § 195(3).  The Court found that Meric was not liable for unpaid sales commissions nor for wages for time Pugh claims he spent working on the store's Facebook page and networking on behalf of his employer outside the store.

At the conclusion of the trial, the Court invited post-trial briefing on damages for the WTPA violations.  A June 20, 2019 Memorandum Opinion declined to award Pugh damages for Meric's violation of NYLL § 195(1)(a), but found that Pugh was entitled to mandatory damages of $5,000 for Meric's violation of NYLL § 195(3).  See Pugh v. Meric, No. 18cv3556 (DLC), 2019 WL 2568581 (S.D.N.Y. June 20, 2019).  Pugh was awarded a total of $5,208.35, including prejudgment interest.

On June 30, 2019, Pugh's attorney, David Abrams ("Abrams") filed the motion for attorney's fees that is the subject of this

Opinion.  On July 19, Meric filed an opposition to that motion. No reply was filed.

## Discussion

"[T]he FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs."  <u>Barfield v. New York City Health & Hosps. Corp.</u>, 537 F.3d 132, 151 (2d Cir. 2008). The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  For purposes of federal statutes with fee shifting provisions such as the FLSA, plaintiffs are the prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (citation omitted).

The NYLL also provides that courts shall award prevailing plaintiffs reasonable attorney's fees and costs.  The relevant provision of that statute provides:

> If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages . . . , <u>together with costs and reasonable attorney's fees</u>.

N.Y. Lab. Law § 198(1-d) (emphasis supplied).

4

"A party prevails in a FLSA suit if it succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing suit." Perez v. AC Roosevelt Food Corp., 744 F.3d 39, 44 (2d Cir. 2013) (citation omitted). But, the degree of success obtained in the litigation is "the most critical factor in a district court's determination of what constitutes reasonable attorney's fees." Barfield, 537 F.3d at 152 (citation omitted). "Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." Id. (citation omitted).

When examining a prevailing plaintiff's request for attorney's fees, courts begin by calculating the presumptively reasonable -- or "lodestar" -- fee by multiplying the attorney's "reasonable hourly rate by the number of reasonably expended hours." Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289 (2d Cir. 2011). "The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). In most cases, "district courts should use the prevailing hourly rate in the community," which "is the district where the district court

5

sits," to calculate the reasonable hourly rate.  Id. (citation omitted).  The rate should be commensurate with the prevailing rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (citation omitted).  An inquiry into the reasonableness of an hourly rate may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 59 (2d Cir. 2012) (citation omitted).

In determining the number of reasonably expended hours, a court should "examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997).  "[T]he court may exclude any hours spent on severable unsuccessful claims.  But where . . . the plaintiff's claims involve a common core of facts or are based on related legal theories, and are therefore not severable, attorney's fees may be awarded for unsuccessful claims as well as successful ones." Green v. Torres, 361 F.3d 96, 98 (2d Cir. 2004) (citation omitted).  Courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." Cabala v. Crowley, 736 F.3d 226, 229 (2d Cir. 2013) (citation omitted).

6

"[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done. The failure to do so results in denial of the motion for fees." Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014) (citation omitted). "[A] request for attorneys' fees should not turn into a second major litigation," and a court is not required "to evaluate and rule on every entry in an application" for fees. Id. at 149 (citation omitted).

Pugh seeks $6,970 in attorney's fees and $400 in costs, representing the filing fee in this action. Primarily because of the limited success he achieved in this litigation, he is entitled only to $800 in attorney's fees and $400 in costs.

Pugh bases the $6,970 he seeks on 16.4 hours billed by Abrams at a rate of $425 per hour. Pugh seeks to recover attorney's fees for time spent on four areas of litigation: preparing his motion for default, defending against Meric's motion to dismiss, researching and writing submissions related to jurisdiction under the FLSA, and preparing for and conducting trial. Pugh supports his request for fees with a single page showing -- only for the selected entries for which he seeks attorney's fees -- the date, a short description of the activity, and the time spent. Abrams describes this page in his

affidavit as containing "the applicable contemporaneous time records."[1]

Pugh succeeded on only a fraction of the claims he pursued in this litigation.  He failed entirely to recover on his unpaid sales commission claim.  Although Pugh sought $750 in unpaid overtime compensation under the FLSA, following trial, he was awarded only $92.50 (before liquidated damages).  While Meric was found liable for failing to provide, at the time of hire, a notice of the employer's telephone number, main office address and overtime wage rate, in violation of the NYLL, the Court, in its discretion, declined to award statutory damages for this violation, finding that it caused Pugh minimal or no prejudice.  Pugh was awarded $5,000 in mandatory statutory damages for failing to provide wage statements setting forth the overtime rate of pay and the number of overtime hours worked, in violation of the NYLL.  Pugh's success in this litigation,

---

[1] This one-page list of hours leaves much to be desired.  It does not appear to be contemporaneously recorded time records.  It is not a complete record of all time spent by Abrams on this case.  It is also not accompanied by an explanation of Abrams's record-keeping methods nor of how Abrams separated these entries from the entirety of his entries for this case.  Nevertheless, his motion will not be denied on these grounds alone.  See Marion S. Mishkin Law Office, 767 F.3d at 149-50.

particularly in comparison with what he sought to recover, was negligible.

In light of Pugh's limited success in this litigation, the hours reasonably expended by his attorney are also limited.  As an initial matter, the attorney's fees Pugh seeks to recover for time spent preparing his default motion must be excluded in their entirety from the calculation of reasonable attorney's fees.  Pugh did not succeed on this motion and so should not recover attorney's fees for the 3.4 hours his attorney asserts he spent preparing it.

The remaining 13 hours for which Pugh seeks attorney's fees must be drastically reduced in light of the outcome of this litigation.  As described above, Pugh recovered only $5,208.35 in this litigation -- around a quarter of the damages he sought. For the reasons that follow, the reasonably expended hours for which he seeks compensation amount to two hours.

First, Pugh seeks attorney's fees for six hours his attorney spent opposing Meric's October 24, 2018 motion to dismiss.  This motion sought dismissal of the action pursuant to the federal abstention doctrine articulated in <u>Colorado River Water Conservation Dist. v. U.S.</u>, 424 U.S. 800 (1976).  While the court to whom this case was then assigned ultimately denied this motion to dismiss, the motion does not appear to be baseless nor intended simply to multiply time spent on

litigation. While opposing such a motion to dismiss was of course important to the continuation of the case in federal court, and thus to Pugh's eventual success here, as already noted, that eventual success was relatively modest. Accordingly, Pugh will be awarded one of the six hours he seeks for this category of work.

Pugh next seeks 3.5 hours for time spent litigating whether Pugh was an employee covered by the FLSA, a category which Pugh refers to as "federal jurisdiction" in his motion for attorney's fees. On the eve of trial, Meric ultimately agreed not to contest this issue. While Pugh's attorney's efforts defending against Meric's initial contentions that Pugh was not covered by the FLSA were successful, this issue was of limited relevance to Pugh's eventual recovery. The $5,208.35 that Pugh recovered in the trial of this action could have been awarded exclusively under the NYLL in state court.[2] The vast majority of Pugh's damages -- $5,000 -- were awarded under the NYLL. As such, any work related to FLSA jurisdiction was tied only to Pugh's minimal recovery in federal court on the overtime claim. As such, Pugh will be awarded .5 of the 3.5 hours he seeks for this category of work.

---

[2] Pugh opted at trial to receive damages for the overtime violation pursuant to the FLSA alone.

Finally, Pugh seeks an award of 3.5 hours spent preparing for and conducting trial.  The vast majority of the trial was dedicated to Pugh's unsuccessful claims: namely his attempts to prove that he was entitled to a commission and that he had been denied wages for off-the-clock networking.  The hours of unpaid overtime for which he recovered damages were essentially uncontested.  Indeed, it is far from clear that any trial would have been necessary but for the plaintiff's pursuit of the commission and networking compensation.  Moreover, while Pugh introduced evidence at trial of the NYLL notice violations upon which he ultimately prevailed, presentation of this evidence occupied a fraction of the time spent at trial.  In light of the tenuous connection between the time spent at trial and Pugh's ultimate recovery, Pugh is awarded .5 of the 3.5 hours he seeks for time spent preparing for and conducting trial.

Pugh seeks an hourly rate of $425 for his attorney Abrams. Meric contests this rate as unreasonable.[3]  Abrams has over 25 years of experience litigating in the area of labor and employment law.  Abrams was awarded attorney's fees at a rate of $400 per hour in 2016 in a case litigated in the Eastern

---

[3] Meric primarily argues that Abrams's rate should be reduced because he is a solo practitioner.  The Second Circuit has explained that courts should not "treat an attorney's status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate."  Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 97 n.6 (2d Cir. 2006).

District of New York.  See Saldana v. New Start Grp., Inc., No. 14cv4049, 2016 WL 3683530, at *3 (E.D.N.Y. July 6, 2016). Courts in this district have recently deemed $400 per hour a reasonable rate for an experienced FLSA attorney.  See Gamero v. Koodo Sushi Corp., 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018) (collecting cases).  In light of this prevailing rate and the straightforward nature of this litigation, Abrams's hourly rate is reduced to $400 per hour.

In light of Pugh's relatively minimal recovery in this litigation, only limited attorney's fees under the FLSA and NYLL are appropriate.  Pugh is entitled to attorney's fees for two hours of work at an hourly rate of $400, or $800.  In addition, Pugh is entitled to $400 in costs, equivalent to the filing fee in this case.

### Conclusion

Pugh is awarded $800 in attorney's fees and $400 in costs.

Dated:    August 20, 2019
          New York, New York

_____
DENISE COTE
United States District Judge